HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES PILLON, an individual,

　　　　　　Plaintiff,

　　v.

STATE OF WASHINGTON,

　　　　　　Defendant.

NO. 23-cv-01177-RAJ

**ORDER GRANTING MOTION TO DISMISS**

## I.　INTRODUCTION

THIS MATTER comes before the Court on a Motion to Dismiss filed by the State of Washington ("State of Washington" or "Defendant"). Dkt. # 11. Plaintiff Charles Pillon ("Mr. Pillon" or "Plaintiff") opposes dismissal. Dkt. # 15. For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss.

ORDER - 1

## II.   BACKGROUND

Plaintiff, proceeding *pro se*, asks this Court to vacate a $3,888,000 restitution payment ordered by King County Superior Court. *See* Dkt. # 1.  Mr. Pillon has repeatedly sought relief from this judgment in the state court system, and now asks this Court to grant relief.  The relevant facts are set forth below.

Following a bench trail, the court found Mr. Pillon guilty of three offenses: 1) felony violation of the Hazardous Waste Management Act; 2) felony violation of wrecking vehicles without a license and with a prior conviction; and 3) gross misdemeanor count of unlawful dumping of solid waste without a permit. *See State of Wash. v. Charles E. Pillon*, No. 16-1-05983-6, (King Cnty. Sup. Ct. June 15, 2018).  After his conviction, Mr. Pillon filed a motion to vacate the payment, and the trial court denied the motion. *See State of Wash. v. Charles E. Pillon*, No. 16-1-05983-6, (King Cnty. Sup. Ct. Aug. 13, 2019).  Next, Mr. Pillon unsuccessfully appealed his convictions. *See State v. Pillon*, 11 Wash. App. 2d 949 (2020); *State v. Pillon*, 195 Wash. 2d 1031 (2020) (denying review).  After that, Mr. Pillon filed a Personal Restraint Petition to vacate the payment of the order, which the Washington Court of Appeals denied. *Matter of Pillon,* 21 Wash. App. 2d 1032 (2022).  Now, Mr. Pillon brings this action, raising constitutional and statutory arguments already raised in his state court appeals and petitions, essentially seeking relief from the state court judgments. *See* Dkt. # 1.

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court draws reasonable inferences for the nonmoving party; but offering "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In disposing of such a motion, along with the complaint, the Court may consider documents mentioned in the complaint that are central to the claims and of undisputed authenticity, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006), and matters of judicial notice, such as public records and court documents, *see Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001); Fed. R. Evid. 201.

### IV. DISCUSSION

Defendant argues that, under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to hear this case because it is a de facto appeal of final state court judgments. *See* Dkt. # 11 at 7. Plaintiff opposes dismissal but fails to address the substance of Defendant's argument. *See* Dkt. # 15. Upon review of Plaintiff's Petition to Vacate, Dkt. # 1, which the Court will construe as a complaint, it is apparent that the claims are barred by the *Rooker-Feldman* doctrine as explained below.

In support of the motion to dismiss, Defendant asks the Court to take notice of orders and decisions from King County Superior Court, the Washington Court of Appeals, and the Washington State Supreme Court referenced in Section II *supra*. The Court takes

judicial notice of these orders and decisions because it is well established that "matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss." *In re Am. Continental Corp./ Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996) (citations omitted), *rev'd on other grounds, Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

Under the *Rooker–Feldman* doctrine, district courts lack jurisdiction to review state court judgments. The Supreme Court's appellate jurisdiction over state-court judgments, granted in 28 U.S.C. § 1257, is exclusive and "precludes a United States district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate . . . ." *Exxon Mobil Corp. v. Saudi Basic Indut. Corp.*, 544 U.S. 280, 291 (2005). "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). The doctrine bars suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The doctrine applies "not only to final judgments, but also to 'interlocutory state court decisions.'" *Santos v. Superior Ct. of Guam*, 711 F. App'x 419, 420 (9th Cir. 2018) (quoting *Doe & Assocs. Law Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001)).

Plaintiff asks this Court to vacate a restitution payment order that has been vigorously contested and affirmed in the Washington State Court system. Mr. Pillon reargues that the restitution payment is unconstitutionally excessive, an issue already litigated and adversely decided against Plaintiff. *See Matter of Pillon*, No. 82929-7-I, 2022 WL 831891 (Wash. Ct. App. Mar. 21, 2022). Plaintiff's alleged injuries stem from the state court's decisions against him and now he seeks relief in federal court on that basis. These grievances are exactly the type the *Rooker-Feldman* doctrine bars. *See Henrichs v. Valley View Development*, 474 F. 3d 609 (9th Cir. 2007) (finding *Rooker-Feldman* barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void"). Accordingly, this Court does not have subject matter jurisdiction over this case and must dismiss Plaintiff's claims.

On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The Court concludes that Plaintiff can plead no facts consistent with the allegations in the Complaint that would prevent the *Rooker-Feldman* doctrine from barring this case. Therefore, the Court DISMISSES Plaintiff's Complaint against the State of Washington with prejudice and without leave to amend.

## V. CONCLUSION

In conclusion, because the Court finds that it is divested of subject matter jurisdiction, pursuant to *Rooker–Feldman*, the Court cannot grant relief sought by Plaintiff. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss.

Dated this 11th day of June, 2024.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 6